**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4837**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DWAYNE LAMONT HAMILTON, a/k/a Michael Givens Gibbons, a/k/a
Dewayne Lamont Hamilton,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort. Solomon Blatt, Jr., Senior
District Judge. (9:07-cr-00716-SB-1)

Submitted:  April 27, 2012         Decided:  May 10, 2012

Before KING, AGEE, and DAVIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

William L. Runyon, Jr., WILLIAM L. RUNYON, JR. LAW OFFICE,
Charleston, South Carolina, for Appellant. William N. Nettles,
United States Attorney, Nick Bianchi, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Lamont Hamilton pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006), using and carrying a firearm during and in relation to and possessing the firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession with the intent to distribute cocaine and aiding and abetting, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 2006 & Supp. 2011). The district court determined that Hamilton qualified as a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2009) and imposed a sentence of 226 months' imprisonment. On appeal, Hamilton challenges his sentence. We affirm Hamilton's convictions, vacate his sentence, and remand for resentencing.

To qualify as a career offender under USSG § 4B1.1, inter alia, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). Hamilton did not dispute in the district court and does not dispute on appeal that his prior South Carolina state conviction for possession with the intent to distribute cocaine base constitutes a predicate felony conviction for a controlled substance offense under USSG § 4B1.1(a). Rather, Hamilton challenged below and continues to

2

challenge on appeal the district court's conclusion that his prior South Carolina state conviction for assault and battery of a high and aggravated nature ("ABHAN") constitutes a crime of violence under USSG § 4B1.1(a).

A "crime of violence" is defined by the Guidelines as an offense that is punishable by imprisonment for more than one year and "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a). To decide whether a prior conviction constitutes a crime of violence, the district court generally must use a categorical approach. United States v. Jenkins, 631 F.3d 680, 684 (4th Cir. 2011). This approach "look[s] only to the elements of the offense . . . . [and] examin[es] [the offense] in terms of how the law defines it and not in terms of how an individual offender might have committed it on a particular occasion." Id. (internal quotation marks and alternation omitted). "For an offense to constitute a crime of violence under this approach, the offense's full range of proscribed conduct, including the least culpable proscribed conduct, must fall within the applicable Guidelines definition

3

of that term." <u>United States v. King</u>, 673 F.3d 274, 278 (4th Cir. 2012) (internal quotation marks omitted).

However, in a "narrow range of cases" where the offense defined by the relevant law includes conduct such that some commissions of the offense constitute crimes of violence and others do not, the court is to "look beyond the generic elements of the offense to the specific conduct underlying that prior offense." <u>Id.</u> This approach is known as the modified categorical approach. <u>Id.</u> In applying the modified categorical approach, the court is limited to considering "the record of conviction, which includes the charging document, the plea agreement, and the transcript of the plea colloquy, and any explicit factual findings made by the trial court." <u>Id.</u>

Employing the categorical approach, the district court concluded that Hamilton's conviction for ABHAN was a crime of violence under USSG § 4B1.1(a). Without expressing an opinion on whether a conviction for ABHAN so qualifies, we vacate Hamilton's sentence and remand this case to the district court for further proceedings to allow that court to determine if the modified categorical approach supports the conclusion that Hamilton's conviction for ABHAN constitutes a crime of violence under USSG § 4B1.1(a). <u>See</u> <u>Anderson v. United States</u>, 417 U.S. 211, 218 (1974) ("We think it inadvisable . . . to reach out . . . to pass on important questions of statutory

4

construction when simpler, and more settled, grounds are available for deciding the case at hand.").[*] Hamilton does not challenge his convictions on appeal, and we therefore affirm them.

We deny as moot the parties' motion for remand and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>

---

[*] On this issue, the district court should permit the parties to present evidence. For example, the Government is free on remand to present a transcript of the plea colloquy from Hamilton's guilty plea hearing with respect to his conviction for ABHAN.